UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.C., by and through his
Guardian ad Litem Nandi Storm
Cain and M.G., by and through
her Guardian ad Litem Wendy
Whittaker,

            Plaintiffs,

    v.

City of Vallejo, a municipal
corporation; and DOES 1-50,
inclusive, individually and
in their official capacity as
police officers for the
Vallejo Police Department,

           Defendants.

No.  2:24-cv-01879-JAM-AC

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO DISMISS**

INTRODUCTION OF CASE / PROCEDURAL HISTORY

This case arises from an interaction between Plaintiffs J.C. and M.G. ("Plaintiffs") and City of Vallejo ("Defendant") police officers following a motor vehicle stop.  Plaintiffs bring this case by and through their guardians ad litem, N.C. and W.D. respectively.  Plaintiffs bring claims pursuant to 42 U.S.C. § 1983, California Civil Code § 52.1, and various tort law theories.  Currently pending before this Court is Defendant's

1    Motion to Dismiss.  See Mot., ECF No. 17.  Plaintiffs submitted

2    an opposition, Opp'n, ECF No. 23, and Defendant replied, Reply,

3    ECF No. 26.  For the reasons provided herein, the Court GRANTS in

4    part Defendant's motion to dismiss.[1]

5                    I.   FACTUAL ALLEGATIONS

6         The following facts alleged by Plaintiffs are accepted as

7    true for purposes of Defendant's Rule 12(b)(6) motion.

8         On July 2, 2023, Plaintiffs M.G. and J.C. were passengers in

9    a vehicle driven by a friend of Plaintiff M.G.'s mother.  See

10   Compl. ¶ 15.  City of Vallejo Police subsequently pulled the

11   vehicle over and an officer ordered the driver out of the car.

12   The driver exited the vehicle and was placed in handcuffs.  Id.

13   At the same time, Plaintiff M.G. had originally been seated

14   behind the driver's seat and moved to sit in the driver's seat.

15   See Compl. ¶ 17.  Once in the driver's seat, Plaintiff M.G. began

16   protesting and questioning the officers' level of force.  Id.

17   Then, officers yelled instructions at Plaintiff M.G. and one

18   officer grabbed Plaintiff M.G. and violently pulled her out of

19   the car through a crack in the car window.  Id.  Plaintiff M.G.

20   then landed on the concrete floor with her face and chest first.

21   Plaintiff J.C. witnessed these actions and was also needlessly

22   detained.  Id.; Compl. ¶ 1.

23        As a result of the incident, Plaintiff M.G. sought medical

24   attention at Sutter Antioch where she received the diagnosis of

25

26   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
27   scheduled for October 22, 2024.  The Parties are advised that
     once the scheduling order is issued, the fictitiously-named
28   defendants will be dismissed.

                                    2

1  bruising.  See Compl. ¶ 18.

2                        II.   OPINION

3       A.   Legal Standard

4       A complaint must make a "short and plain statement of the

5  claim showing that the pleader is entitled to relief."  Fed.

6  R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544

7  (2007).

8       A Rule 12(b)(6) motion challenges the sufficiency of a

9  complaint for "failure to state a claim upon which relief can be

10 granted."  Fed. R. Civ. P. 12(b)(6).  Under the plausibility

11 pleading standard set forth in Twombly, 550 U.S. 544, 570

12 (2007), a plaintiff survives a motion to dismiss by alleging

13 "enough facts to state a claim to relief that is plausible on

14 its face."  The complaint must contain sufficient "factual

15 content that allows the court to draw the reasonable inference

16 that the defendant is liable for the misconduct alleged."

17 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This "plausibility

18 standard," however, "asks for more than a sheer possibility that

19 a defendant has acted unlawfully," Iqbal, 556 U.S. 662, 678

20 (2009), and "[w]here a complaint pleads facts that are 'merely

21 consistent with' a defendant's liability, it 'stops short of the

22 line between possibility and plausibility of entitlement to

23 relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

24      At the Rule 12(b)(6) stage, the Court must accept all

25 nonconclusory factual allegations of the complaint as true and

26 construe those facts and the reasonable inferences that follow

27 in the light most favorable to the Plaintiff.  Id.; see also

28 Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).  However,

                              3

1    legally conclusory statements, not supported by actual factual

2    allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S.

3    662, 678-79 (2009).  In the event dismissal is warranted, it is

4    generally without prejudice, unless it is clear the complaint

5    cannot be saved by any amendment.  See Sparling v. Daou, 411

6    F.3d 1006, 1013 (9th Cir. 2005).

7         B.   Judicial Notice

8         Along with their motion to dismiss, Defendant has requested

9    that the Court take judicial notice of four exhibits that

10   contain law enforcement records pertaining to Plaintiffs' July

11   2, 2023 incident.  See ECF No. 17-1.  The records at issue

12   consist of one Vallejo Police Department crime report ("Exhibit

13   A") and three MP4 audio/video recordings of body worn camera

14   footage ("Exhibits B, C, and D").  Plaintiffs object to this

15   request.  See Opp'n, ECF No. 23-1.

16        Defendant heavily relies on Exhibits A, B, C, and D in its

17   motion to dismiss and argues that the Court may take judicial

18   notice of these records under Fed. R. of Evid. Rule 201(b),

19   which provides courts discretion to take judicial notice of

20   facts "not subject to reasonable dispute" and which are "capable

21   of accurate and ready determination by resort to sources whose

22   accuracy cannot reasonably be questioned."  Fed. R. Evid.

23   201(b).  Defendant cites Santa Monica Food Not Bombs v. City of

24   Santa Monica, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006),

25   asserting that the exhibits it has provided in this case are

26   public government records which can be properly considered.

27        The Court disagrees with Defendant's theory and

28   justification for judicial notice.  As discussed above, Fed. R.

4

1    Civ. P. 12(b)(6) and Ninth Circuit precedent are clear that when

2    the legal sufficiency of a complaint's allegations are

3    challenged by a motion under Rule 12(b)(6), "[r]eview is limited

4    to the complaint." Cervantes v. City of San Diego, 5 F.3d 1273,

5    1274 (9th Cir. 1993). All factual allegations set forth in the

6    complaint "are taken as true and construed in the light most

7    favorable to [p]laintiffs." Epstein v. Washington Energy Co.,

8    83 F.3d 1136, 1140 (9th Cir. 1996). As Plaintiffs correctly

9    argue, the Court may not generally consider materials outside

10   the pleadings at the motion to dismiss stage. See Objection at

11   2, ECF No. 17-1; Schneider v. Cal. Dep't of Corr., 151 F.3d

12   1194, 1197 n.1 (9th Cir. 1998); Jacobellis v. State Farm Fire &

13   Cas. Co., 120 F.3d 171, 172 (9th Cir. 1997).

14       If "defendants are permitted to present their own version

15   of the facts at the pleading stage — and district courts accept

16   those facts as uncontroverted and true — it becomes near

17   impossible for even the most aggrieved plaintiff to demonstrate

18   a sufficiently 'plausible' claim for relief." Khoja v. Orexigen

19   Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) (citing

20   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Such undermining

21   of the usual pleading burdens is not the purpose of judicial

22   notice. Id. When "matters outside the pleading are presented

23   to and not excluded by the court," the 12(b)(6) motion converts

24   into a motion for summary judgment under Rule 56. See Kohja,

25   899 F.3d at 998.

26       Additionally, unlike the ordinances which were publicly

27   accessible via the internet in Santa Monica Food Not Bombs, the

28   Court does not find that a police report and body worn camera

1    footage are within the same category of readily available public

2    government records discussed in that case.  Instead, Defendant's

3    records seek to contradict the allegations in Plaintiffs'

4    Complaint and cannot be considered for their substance at this

5    stage.  While Defendant's exhibits may be considered during

6    later stages of litigation, the Court finds that judicial notice

7    of Defendant's exhibits is premature and declines to take

8    judicial notice of the content of these exhibits for purposes of

9    this motion.  Thus, the Court determines that considering the

10    police report and body worn camera footage is inappropriate at

11    this stage.  It follows that the Court has not relied on

12    Defendant's exhibits or the arguments pertaining to them in

13    deciding this motion.

14        C.    <u>Analysis</u>

15            1.    <u>Fourth Amendment Seizure</u>

16       Under <u>Maryland v. Wilson</u>, 519 U.S. 408, 410 (1997), police

17    officers, as a matter of course, may order passengers of a

18    lawfully stopped car to exit the vehicle.  If officers possess a

19    concern for their safety, they may also handcuff and move all

20    occupants of the vehicle.  See <u>Rohde v. City of Roseburg</u>, 137

21    F.3d 1142, 1144 (9th Cir. 1998) (citing <u>Allen v. City of Los</u>

22    <u>Angeles</u>, 66 F.3d 1052, 1056-57 (9th Cir. 1995).  Defendant also

23    points out that officers may "despite the absence of probable

24    cause or reasonable suspicion of criminal activity, order all

25    occupants of the vehicle to step outside." <u>Ruvalcaba v. City of</u>

26    <u>Los Angeles</u>, 64 F.3d 1323, 1327 (9th Cir. 1995).

27       In their Complaint, Plaintiffs do not set forth any

28    allegations regarding the original stop and detention of the

1    driver.  See Compl.  They do not plead that the driver was

2    stopped and arrested unlawfully.  Nor do they allege that they

3    did not know why they were being stopped or whether they fully

4    complied with officers' instructions during the stop.  Indeed,

5    Plaintiffs provide mere conclusory statements that police

6    officers seized passengers without probable cause and reasonable

7    suspicion.  See Compl. ¶ 30.

8        Because the constitutionality of a passenger's detention is

9    predicated upon the initial stop of the driver, the Complaint

10   has provided insufficient factual content to assert a viable

11   Fourth Amendment unconstitutional seizure claim.  With no

12   information about the original circumstances surrounding the

13   vehicle stop, there are not enough factual allegations in the

14   Complaint to assert a Fourth Amendment violation.  As such, the

15   Court GRANTS Defendant's motion to dismiss on this claim with

16   leave to amend.

17              2.   Fourth Amendment Excessive Force

18       Plaintiff asserts an excessive force claim due to the

19   manner she was extracted from the stopped vehicle.  While

20   Plaintiff does not identify the specific police officer who

21   committed this action, it is plausible that at least one

22   individual officer exercised unlawful force while effectuating

23   Plaintiff M.G.'s arrest.

24       Plaintiff M.G. alleges that after she moved from the "rear

25   driver's side" to the driver's seat and protested officers'

26   actions, one officer grabbed Plaintiff M.G. and pulled her out

27   of the car through a crack in the car window.  See Compl. ¶ 17.

28   This action caused Plaintiff M.G. to land on the floor and

                                   7

1  receive bruising.  Id.  The Complaint also alleges that

2  Plaintiff M.G. "posed no threat" to officers and that this use

3  of force was unnecessary because she was "completely calm,

4  cooperative, and unresisting during the incident."  See Compl.

5  ¶¶ 36-37.  While Defendant disputes this depiction of the

6  incident and argues that officers used reasonable force because

7  M.G. was noncompliant, the Court cannot consider these arguments

8  because they rely on exhibits outside of the Complaint.  See

9  Mot. at 14.

10         Under the Fourth Amendment, excessive force claims are

11  assessed under a reasonableness test.  See Graham v. Connor, 490

12  U.S. 386, 388 (1989).  The reasonableness inquiry is an

13  objective inquiry that asks "whether the officers' actions are

14  'objectively reasonable' in light of the facts and circumstances

15  confronting them, without regard to their underlying intent or

16  motivation."  Graham, 460 U.S. at 397.  Because the Court must

17  take the Complaint at face value and construe the facts in the

18  light most favorable to the Plaintiffs, the Court determines

19  that Plaintiffs have plausibly alleged that officers' level of

20  force was unreasonable since M.G. was fully compliant and posed

21  no threat.  Thus, the Court DENIES Defendant's motion to dismiss

22  Plaintiff's Fourth Amendment excessive force claim.

23              3.   First Amendment Retaliation

24         Plaintiff M.G. alleges that officers used excessive force

25  against Plaintiff in retaliation for protesting police action.

26  See Compl. ¶¶ 43-46.  However, Plaintiff M.G.'s allegations are

27  insufficient to state a claim because according to the

28  Complaint, she was not engaged in protected speech activity

8

1    prior to the police encounter.

2        To state a First Amendment retaliation claim, a plaintiff

3    must plausibly allege that she "(1) was engaged in a

4    constitutionally protected activity, (2) the defendant's actions

5    would chill a person of ordinary firmness from continuing to

6    engage in the protected activity and (3) the protected activity

7    was a substantial or motivating factor in the defendant's

8    conduct." Capp v. Cnty. of San Diego, 940 F.3d 1046, 1053 (9th

9    Cir. 2019) (cleaned up).  As Defendant argues, Plaintiff M.G.'s

10   retaliation claim is conclusory and she does not plead all of

11   the required elements.

12       The Complaint alleges that after officers pulled the

13   vehicle over and arrested the driver, M.G. protested the "level

14   of force" used by officers.  See Compl. ¶ 17.  Thus, Plaintiff

15   M.G.'s "protest" occurred in the context of an already

16   effectuated vehicle seizure.  Contrary to what Plaintiff

17   alleges, resisting police actions during a lawful stop is not

18   protest within the meaning protected by the First Amendment.

19   Unlike the Plaintiff in Duran v. City of Douglas, 904 F.2d 1372,

20   1378 (9th Cir. 1990), M.G. was not engaged in protected free

21   speech activity prior to being detained – her resistance

22   occurred after the vehicle had already been stopped.  Given that

23   Plaintiff's speech occurred during a police seizure, the Court

24   does not find that she was engaged in protected activity and

25   GRANTS Defendant's motion to dismiss on this claim.

26           4.   Denial of Medical Care

27       Plaintiff M.G. also pleads a denial of medical care claim

28   under the Fourth Amendment.  See Compl. at 10.  The Fourth

Amendment requires law enforcement officers to provide objectively reasonable post-arrest care.  Mejia v. City of San Bernardino, 2012 WL 1079341, at *5 n. 12 (citing Tatum v. City & County of San Francisco, 441 F.3d at 1099).  "This means that officers must 'seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital.'"  Id. (quoting Maddox v. City of Los Angeles, 792 F.2d 1408, 1415 (9th Cir. 1986)).

Under the facts alleged in the Complaint, this claim is factually and legally deficient.  Plaintiff does not allege that she requested medical care or that she suffered any injuries necessitating medical treatment.  The Complaint provides merely that Plaintiff received a later diagnosis of "bruising."  Compl. ¶ 18.  Bruising is not the typical care that requires medical attention and it is objectively reasonable for officers to not have summoned medical help for a minor injury.  Based on the allegations in the Complaint, Plaintiffs has not plausibly asserted a denial of medical care claim under the Fourth Amendment's reasonableness standard and Defendant's motion to dismiss this cause of action is GRANTED.

5.    Monell Liability

Plaintiffs also raise a Monell claim in their Complaint. Defendant argues that Plaintiffs' Monell claim fails because Plaintiffs do not allege with any particularity the specific City policies or practices claimed to support liability and instead takes a "kitchen-sink approach" that provides conclusory

10

1  restatements of the law.  See MTD at 17.  The Court agrees.

2      Defendant cites to AE ex rel. Hernandez v. County of
3  Tulare, 666 F.3d 631, 637 (9th Cir. 2012), which holds that the
4  Starr standard requiring "sufficient allegations of underlying
5  facts" applies to pleading policy or custom for claims against
6  municipal entities.  See Starr v. Baca, 652 F.3d 1202, 1216 (9th
7  Cir. 2011).  Under the Starr standard, allegations in a
8  complaint or counterclaim may not simply recite the elements of
9  a cause of action, but must contain sufficient allegations of
10 underlying facts to give fair notice and to enable the opposing
11 party to defend itself effectively.  Second, the factual
12 allegations that are taken as true must plausibly suggest an
13 entitlement to relief, such that it is not unfair to require the
14 opposing party to be subjected to the expense of discovery and
15 continued litigation.  Id.

16     Plaintiffs' Complaint does not meet the Starr standard
17 because it consists of only vague and conclusory statements.
18 See Compl. at ¶¶ 56-60.  Although Plaintiffs allege that "[o]n
19 information and belief, [officers] were not disciplined for
20 their use of excessive force," Plaintiffs do not allege that
21 they ever filed complaints with the City of Vallejo's Police
22 Department or sought any other administrative remedies.
23 Plaintiffs also allege, without any particularity, that the City
24 "ha[s] and maintain[s] an unconstitutional policy, custom, and
25 practice of arresting individuals without probable cause or
26 reasonable suspicion, and using excessive force, which also is
27 demonstrated by inadequate training."  Compl. at ¶ 56.  It is
28 not apparent from the Complaint what this specific policy is.

1    Plaintiffs also provide only conclusory statements about

2    the City's liability, alleging that the City "inadequately

3    supervis[es]" officers, maintains "grossly inadequate procedures

4    for reporting, supervising, investigating, reviewing,

5    disciplining, and controlling" officers, and "fail[s] to

6    discipline" officers.  Compl. at ¶ 56.  These statements are

7    insufficient to plausibly allege that Defendant has acted

8    unlawfully and are simply bare restatements of the law.

9    After Iqbal, allegations of Monell liability are sufficient

10   for purposes of Rule 12(b)(6) only where they: (1) identify the

11   challenged policy/custom; (2) explain how the policy/custom is

12   deficient; (3) explain how the policy/custom caused the

13   plaintiff harm; and (4) reflect how the policy/custom amounted

14   to deliberate indifference, i.e., show how the deficiency

15   involved was obvious and the constitutional injury was likely to

16   occur.  See Herd v. Cnty. of San Bernardino, 311 F. Supp. 3d

17   1157, 1166–67 (C.D. Cal. 2018) (citing Young v. City of Visalia,

18   687 F.Supp.2d 1141, 1163 (E.D. Cal. 2009)); see also Harvey v.

19   City of S. Lake Tahoe, No. CIV S-10-1653 KJM EFB PS, 2011 WL

20   3501687, *3 (E.D. Cal. Aug. 9, 2011).  Plaintiffs' Complaint

21   does not fulfill any of these four metrics: the allegations do

22   not specify what the City policy is, how the City policy is

23   deficient, or how the training and hiring practices caused

24   Plaintiffs' constitutional injury.  Additionally, Plaintiffs'

25   opposition is devoid of factual reasoning because it merely

26   lists other cases against the City of Vallejo that contain

27   materially dissimilar facts and are not relevant to the incident

28   at issue.  See Opp'n at 6-13.

Iqbal has made clear that conclusory, "threadbare" allegations that merely recite the elements of a cause of action will not survive a motion to dismiss.  See Iqbal, 129 S.Ct. at 1949–50.  Thus, without more, Plaintiffs' Monell claim does not survive Defendant's Rule 12(b)(6) motion and must be dismissed.

6.   Bane Act California Civil Code Section 52.1

Plaintiffs assert a state cause of action under the Bane Act.  "The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by threats, intimidation or coercion."  Reese v. Cty. of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018) (citation and internal quotation marks omitted).  The essence of a Bane Act claim is that the defendant, by improper means, "tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law."  Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 883, 57 Cal.Rptr.3d 454 (2007).

Defendant correctly contends that the Bane Act requires defendants act with "specific intent" to deprive plaintiffs of their constitutional rights and cite to Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018) (discussing Cornell v. City and Cnty. of San Francisco, 17 Cal.App.5th 766 (2017)).  See Reply at 9.  While the Ninth Circuit recognized in Reese that "the elements of the excessive force claim under § 52.1 are the same as under § 1983," [the Ninth Circuit] did not read those cases as contradicting the intent requirement"

13

1  previously established by California state courts.  888 F.3d at

2  1044 (citation and internal quotation marks omitted).  While

3  Plaintiff M.G. has sufficiently plead a Fourth Amendment

4  excessive force violation, she has not sufficiently alleged that

5  officers possessed specific intent to interfere with her rights

6  as required under the Bane Act.  See Compl. ¶ 62.

7      Because the Ninth Circuit has instructed that jurors must

8  find that the defendants "intended not only the force, but its

9  unreasonableness, its character as 'more than necessary under

10  the circumstances'" to prevail on a Bane Act claim predicated on

11  excessive force, Reese v. Cnty. of Sacramento, 888 F.3d 1030,

12  1045 (9th Cir. 2018), the Court finds that allegations about

13  underlying intent are necessary to properly assert a Bane Act

14  cause of action.  Thus, Plaintiffs have failed to plead all

15  elements of the Bane Act and Defendant's motion to dismiss this

16  claim is GRANTED.

17          7.  Tort Causes of Action

18      Plaintiffs plead a series of tort allegations including

19  assault/battery, intentional infliction of emotional distress,

20  negligence, and negligent infliction of emotional distress.

21  Plaintiffs also allege a false arrest/false imprisonment claim.

22  Defendant asserts that Plaintiffs have failed to sufficiently

23  plead these claims.  See Mot. at 18-19.  The Court finds that

24  Plaintiffs have not sufficiently plead the elements for the

25  alleged tort actions because the claims lack specificity as to

26  who the tortfeasors are and what specific duties are owed.

27      Presently, Plaintiffs group the fictitiously-named police

28  officers and municipal entity together and then conclude that

14

1    tort liability exists. However, group pleading does not provide
2    defendants fair notice of the claims against them under Fed. R.
3    Civ. P. 8.    See Gen-Probe, Inc. v. Amoco Corp., Inc., 926 F.
4    Supp. 948, 960-62 (S.D. Cal. 1996); see also, Smith v. City of
5    Marina, 709 F. Supp.3d 926, 937-38 9 (N.D. Cal. 2024)
6    (dismissing tort claims in a § 1983 action for lack of
7    specificity and disaggregation).  Accordingly, these tort claims
8    are dismissed and Defendant's motion is GRANTED because
9    Plaintiffs fail to specify particular defendant officers or
10   identify the duties owed and breaching conduct for each
11   individual defendant.
12       As for Plaintiffs' false arrest/false imprisonment claim,
13   this claim stands on the same footing as the federal Fourth
14   Amendment seizure claim and Plaintiffs have failed to allege
15   sufficient facts establishing an unreasonable arrest.  Thus,
16   Defendant's motion to dismiss is GRANTED on this claim as well.
17              8.   Leave to Amend
18       Plaintiffs have requested leave to amend.  See Opp'n at 17.
19   A court granting a motion to dismiss a claim must decide whether
20   to grant leave to amend.  Leave to amend should be "freely
21   given" where there is no "undue delay, bad faith or dilatory
22   motive on the part of the movant, . . . undue prejudice to the
23   opposing party by virtue of allowance of the amendment, [or]
24   futility of [the] amendment . . . ." Foman v. Davis, 371 U.S.
25   178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d
26   1048, 1052 (9th Cir. 2003) (listing the Foman factors as those
27   to be considered when deciding whether to grant leave to amend).
28   Because Plaintiffs may cure the defects in their Complaint by

adding more specificity and identifying which officers were
involved in the incident, the Court grants Plaintiffs leave to
amend.

### III.   ORDER

For the reasons set forth above, the Court GRANTS
Defendant's Motion to Dismiss as to the Fourth Amendment seizure
claim (First Cause of Action), First Amendment retaliation claim
(Third Cause of Action), Fourth Amendment denial of medical care
claim (Fourth Cause of Action), Monell liability claim (Fifth
Cause of Action), Bane Act claim (Sixth Cause of Action), the
tort liability claims (Seventh through Tenth Causes of Action),
and the false imprisonment claim (Eleventh Cause of Action) with
leave to amend.  The Court DENIES Defendant's Motion to dismiss
as to the Fourth Amendment excessive force claim (Second Cause of
Action).

Plaintiffs shall file their Amended Complaint no later than
twenty (20) days from the date of this Order. Defendant shall
file its responsive pleading to the Amended Complaint no later
than twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: December 16, 2024

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

16