UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C. by and through his Guardian ad Litem Nandi Storm Cain and M.G., by and through her Guardian ad Litem Wendy Whittaker,<br><br>   Plaintiff(s),<br><br> v.<br><br>City of Vallejo and Rosendo Mesa,<br><br>   Defendant(s). | No.  2:24-cv-01879-JAM-AC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

BACKGROUND

This case arises from an interaction between Plaintiffs J.C. and M.G. ("Plaintiffs") with City of Vallejo police officers ("Defendants") following a motor vehicle stop.  Plaintiffs bring this case by and through their guardians ad litem, N.C. and W.W. respectively.  On December 16, 2024, the Court issued an order dismissing several of Plaintiffs' claims with leave to amend. See Order Granting in Part and Denying In Part Defendants' Motion

1

to Dismiss (hereafter, "Order"), ECF No. 29. Plaintiffs subsequently submitted a First Amended Complaint ("FAC") renewing their claims pursuant to 42 U.S.C. § 1983, California Civil Code § 52.1, and various common law tort theories. See FAC, ECF No. 30. Currently pending before this Court is Defendants' second motion to dismiss. See Mot., ECF No. 33. Defendants move to dismiss all causes of action for failure to state a claim except the alleged Second Cause of Action for excessive force under the Fourth Amendment. Id. Plaintiffs submitted an opposition, Opp'n, ECF No. 38, and Defendants replied, Reply, ECF No. 39. For the reasons provided herein, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss.[1]

## I.   FACTUAL ALLEGATIONS

The following relevant facts alleged by Plaintiffs are accepted as true for the purposes of Defendants' motion herein. On July 2, 2023, Plaintiffs M.G. and J.C. were passengers in a vehicle driven by a friend of Plaintiff M.G.'s mother. See FAC ¶ 15. City of Vallejo police officers subsequently pulled the vehicle over and an officer ordered the driver out of the car. The driver exited the vehicle and was placed in handcuffs. See FAC ¶ 17. At the same time, Plaintiff M.G., who had originally been seated behind the driver's seat, moved to sit in the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 11, 2025.

driver's seat. See FAC ¶ 18. Once in the driver's seat, Plaintiff M.G. began protesting and questioning the officers' level of force. Id.

Then, officers yelled instructions at Plaintiff M.G. and Officer Mesa grabbed Plaintiff M.G. and violently pulled her out of the car through a crack in the car window. Id. Plaintiff M.G. then landed on the concrete floor with her face and chest first. Id. Plaintiff J.C. witnessed these actions and was also detained. See FAC ¶ 1. As a result of the incident, Plaintiff M.G. sought medical attention at Sutter Antioch where she received the diagnosis of bruising. See FAC ¶ 20.

## II. OPINION

### A. Legal Standard

A complaint must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the plausibility pleading standard set forth in Twombly, 550 U.S. at 570, a plaintiff survives a motion to dismiss by alleging "enough facts to state a claim to relief that is plausible on its face." The complaint must contain sufficient "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

At the Rule 12(b)(6) stage, the Court must accept all nonconclusory factual allegations of the complaint as true and construe those facts and the reasonable inferences that follow from them in the light most favorable to the Plaintiff. See Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Iqbal, 556 U.S. at 678-79 (2009). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

B. Judicial Notice

In conjunction with their motion, Defendants have requested that the Court take judicial notice of certain admissions contained in Plaintiffs' responsive pleadings. See Defendants' Request for Judicial Notice ("RJN"), Exhibit A, ECF No. 33.

4

Specifically, Defendants request judicial notice of an admission contained in Plaintiffs' Opposition to Defendants' Motion to Dismiss that the car in which Plaintiffs were riding was stopped as a result of being reported stolen. Id.

Plaintiffs raise no objection to the Request for Judicial Notice in their papers. Furthermore, it is long established that a court can take judicial notice of its own files and records under Rule 201. See Gerritsen v. Warner Bros. Ent. Inc., 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015)(citing Molus v. Swan, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) ("Courts also may take judicial notice of their own records"); United States v. Author Services, 804 F.2d 1520, 1523 (9th Cir.1986). Thus, Defendants' Request for Judicial Notice is granted.

   C. Analysis

      1. Fourth Amendment Seizure Claim

Plaintiffs contend Officer Mesa detained and seized M.G. and J.C. unlawfully without reasonable suspicion and that officers lacked probable cause to detain Plaintiffs because they were simply protesting officers' ill treatment. See Opp'n at 4. However, the factual allegations before the Court do not support Plaintiffs' conclusory statements that officers lacked reasonable suspicion or probable cause to stop their vehicle. Rather, Plaintiffs own pleadings indicate that officers did have requisite grounds to initiate the traffic stop.

5

As judicially noticed, Plaintiffs admitted in their opposition to Defendants' first Motion to Dismiss that "defendants had a legal duty to use reasonable force when detaining occupants [i.e., Plaintiffs] of a reported stolen vehicle." See RJN, Ex. A, p. 16. The court may accept such statements of fact as binding judicial admissions. See Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 557 (9th Cir. 2003); American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988).

Under existing caselaw, a stolen vehicle report alone is enough to stop, detain, and arrest the driver. Rohde v. City of Roseburg, 137 F.3d 1142, 1144 (9th Cir. 1998). This is because reliable information that a vehicle has been stolen provides "probable cause to believe that the driver has committed the crime of either stealing the car or knowingly operating a stolen vehicle." Id. Moreover, the Fourth Amendment allows "an officer making a traffic stop [to] order passengers to get out of the car pending completion of the stop." Maryland v. Wilson, 519 U.S. 408, 415 (1997). "[O]nce a police officer has lawfully stopped a vehicle for a traffic violation, the officer may, consistent with the Fourth Amendment and despite the absence of probable cause or reasonable suspicion of criminal activity, order all occupants of the vehicle to step outside." Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1327 (9th Cir. 1995).

Given that Plaintiffs' vehicle was stopped for a potential felony, the Court finds that the FAC does not contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, the Court grants Defendants' motion to dismiss Plaintiffs' Fourth Amendment unlawful seizure claim.

### 2. First Amendment Retaliation Claim

Plaintiffs' FAC alleges that officers pulled M.G. out of an open car window in retaliation for questioning the level of force being used on the driver. See Opp'n at 5. The FAC also alleges that "Plaintiffs fully complied with all the Defendant officers' instructions during the stop" and despite this compliance, Officer Mesa pulled M.G. out of the car window. FAC ¶ 18. These alleged facts plausibly state a claim for relief under the Rule 12(b) standard.

A First Amendment retaliation claim must allege facts showing a plaintiff (1) was "engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." Capp v. County of San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019) (cleaned up). In the context of a police interaction, proving

retaliation requires the Plaintiff to "prove 'that (1) the officer's conduct 'would chill or silence a person of ordinary firmness from future First Amendment activities,' and (2) the officer's desire to chill speech was a 'but-for cause' of the adverse action." Lopez v. City of Glendora, 811 Fed. Appx. 1016, 1018 (9th Cir. 2020).

While resisting officers' instructions during a lawful stop is not protected free speech, Plaintiffs allege that they were compliant and posed no threat to the officers. See FAC ¶ 18, 34. Even though the FAC reiterates that Plaintiff M.G., who had originally been seated on the rear driver's side, moved to sit in the driver's seat, Defendants state that "[w]e cannot know whether her protests or suspicious movement prompted her removal from the vehicle." See FAC ¶ 18; Mot. at 15. Thus, at this stage it is plausible that Officer Mesa pulled M.G. out of the window in retaliation for M.G.'s comments rather than for the safety of the police officers and that this desire to chill M.G.'s comments was a "but-for cause" of the adverse police action.

Construing the facts of the FAC in the light most favorable to the Plaintiffs, the Court finds that officers could have pulled M.G. out of the window despite M.G.'s compliance with officers' instructions in retaliation for her criticisms alone. Thus, the Court denies Defendants' motion to dismiss Plaintiff

8

M.G.'s First Amendment retaliation claim.

### 3. Denial of Medical Care Claim

In the FAC, Plaintiffs renew their denial of medical care claim, but without meaningful revision. Similar to their original complaint, the FAC does not allege Plaintiff M.G.'s bruises required medical treatment. See FAC, at ¶¶ 44-49. Nor does it allege she requested medical attention at the scene. Id. When M.G. later "sought medical attention," the only "treatment" she received was a diagnosis of bruising. FAC ¶ 20. The Court previously found these same facts to be insufficient for stating a denial of medical care claim since "bruising is not the typical care that requires medical attention and it is objectively reasonable for officers to not have summoned medical help for a minor injury." See ECF No. 29 at 10; see also Hopson v. Kings County Jail, No. 1:23-cv-01555-EPG (PC), 2024 WL 3597037, at *8 (N.D. Cal. July 31, 2008)(denying inadequate medical care claim where pre-trial detainee did not plead how his bruised ribs could have been alleviated by earlier treatment).

"[S]uspects have a Fourth Amendment right to 'objectively reasonable post arrest medical care' until the end of the seizure." Estate of Cornejo ex rel. Solis v. City of Los Angeles, 618 F. App'x 917, 920 (9th Cir. 2015) (citing Tatum v. City & County of San Francisco, 441 F.3d 1090, 1099 (9th Cir.

2006)). "This means that officers must 'seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital.'" Id. (quoting Maddox v. City of Los Angeles, 792 F.2d 1408, 1415 (9th Cir. 1986)). Given the lack of injuries, it would be objectively unreasonable for M.G. to seek medical attention for simple bruising. Plaintiff M.G.'s Fourth Amendment denial of medical care claim is insufficiently pled and the Court grants Defendants' motion to dismiss this cause of action.

           4. California Civil Code Section 52.1 Claim

To state a Bane Act claim, a plaintiff must allege a defendant acted with a specific intent to deprive the plaintiff of constitutional rights. See Reese v. County of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018). A plaintiff must allege facts showing a defendant "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." Id. at 1045 (cleaned up).

Plaintiffs allege that Officer Mesa intended to pull M.G. through the driver's window and that this force exceeded the bounds of the Fourth Amendment. FAC ¶ 31, 52. Because Defendants have not moved to dismiss the excessive force claim and Plaintiff M.G. has successfully pled that she was subject to

excessive force, it follows that Plaintiff M.G. has also sufficiently pled a Bane Act claim. Defendants' motion to dismiss M.G.'s Bane Act claim is denied.

### 5. Assault and Battery Claims

Plaintiffs M.G. and J.C. aggregate their assault and battery claims under one heading. See FAC ¶¶ 57-59. Battery "is any intentional, unlawful and harmful contact by one person with the person of another." Ashcraft v. King, 228 Cal. App. 3d 604, 611 (1991). "[A] prima facie battery is not established unless and until plaintiff proves unreasonable force was used." Pernell v. City of Los Angeles, 650 F. Supp. 3d 910, 929 (C.D. Cal. 2022) (quoting Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1273 (1998)). To allege an assault claim, one must allege: "(1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." So v. Shin, 212 Cal. App. 4th 652, 668-69 (2013). Given that M.G. alleges harmful contact when she was pulled through a window and Defendants have not moved to dismiss M.G.'s attendant excessive

11

force claim, the Court finds that M.G. has sufficiently pled a plausible claim for assault and battery.

On the other hand, Plaintiff J.C. has failed to state a claim under this cause of action. In the FAC, J.C. does not allege that harmful contact occurred or that officers threatened him with harmful contact. Rather, the FAC states only that J.C. "feared being imminently harmed by Defendant Mesa in the same manner that Defendant Mesa harmed Plaintiff M.G." FAC ¶ 59. This is insufficient to trigger an assault or battery claim. Importantly, there is no indication that J.C. was touched by officers or in immediate apprehension of physical contact. Most importantly, the FAC indicates that the window at issue was the "driver's side window" and J.C. remained in the backseat. FAC ¶ 58. The FAC fails to allege facts showing J.C. reasonably believed Officer Mesa would imminently pull him through the open front window of the car while he was seated in the back. FAC, ¶¶ 18, 59. The FAC merely presents J.C. as a passenger witnessing events and provides only conclusory statements to allege the elements of assault. These allegations do not sufficiently amount to assault or battery. See Iqbal, 556 U.S. at 678-79.

For these reasons, the Court grants Defendants' motion to dismiss J.C.'s assault and battery claims and denies Defendants' motion to dismiss M.G.'s assault and battery claims.

///

6. Intentional Infliction of Emotional Distress Claims

"A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal.4th 1035, 1050 (2009) (citations and internal quotation marks omitted).

Defendants argue that Plaintiffs' IIED claims fail because the FAC fails to show extreme or outrageous conduct and officers used a reasonable level of force. Tillotson v. City of San Francisco, 739 F. App'x 887, 889 (9th Cir. 2018). In their opposition, Plaintiffs argue that Officer Mesa's conduct of grabbing M.G.'s forearms and pulling her through a crack in the window constituted extreme and outrageous conduct that led to emotional distress. Construing the facts in the light most favorable to the Plaintiffs, it is plausible that Officer Mesa's actions could be considered extreme and outrageous by a reasonable jury. Additionally, Plaintiffs M.G. and J.C. allege that they experienced "fear, trauma, anxiety, stress, depression, humiliation, and emotional distress" following the incident. FAC ¶ 58, 59. Thus, Plaintiffs have plausibly stated

13

a claim for relief under a theory of IIED and the Court denies Defendants' motion to dismiss this claim.

### 7. Negligence / Negligent Infliction of Emotional Distress ("NIED") Claims

Plaintiffs J.C. and M.G. also plead claims for negligence and Plaintiff J.C. pleads a claim for negligent infliction of emotional distress. Defendants correctly point out that there is no independent tort of negligent infliction of emotional distress. See Campos v. City of Merced, 709 F.Supp.2d 944, 966 (E.D. Cal. 2010) (quoting Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (1993)). Rather, the tort is negligence. Id. Thus, Plaintiff J.C.'s claim for NIED is dismissed.

As for Plaintiffs' negligence claims, the elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and that the breach is the proximate cause of the resulting injury. Ladd v. County of San Mateo, 12 Cal.4th 913, 917–18 (1996); Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339 (1998). Plaintiffs hedge their negligence claim on the duty to use reasonable force. See Opp'n at 8. In the context of a lawful police encounter, "police officers have a duty not to use excessive force." Knapps v. City of Oakland, 647 F. Supp. 2d 1129, 1164 (citing Munoz v. City of Union City, 120 Cal. App. 4th 1077, 1101 (2004)). While Plaintiff M.G. has plausibly stated a negligence claim to the

14

extent that it is predicated on her excessive force claim, the same cannot be said for J.C., who does not allege an excessive force claim or any facts demonstrating a breach of legal duty by police officers.  Thus, the Court grants Defendants' motion to dismiss J.C.'s negligence and NIED claims and denies the motion to dismiss as to M.G.'s negligence claim.

### 8. False Imprisonment Claims

Defendants argue that Plaintiffs fail to plead the elements of a false imprisonment claim.  The Court agrees.  To claim false imprisonment, one must allege "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Lyons v. Fire Ins. Exchange, 161 Cal. App. 4th 880, 888 (2008). As judicially noticed, this police interaction occurred within the context of an investigation for a stolen vehicle. See Section II.B. Thus, the Court agrees with Defendants that Plaintiffs are unable to state a claim that officers lacked "lawful privilege" to stop the vehicle and investigate.  Accordingly, the Court grants Defendants' motion to dismiss the false imprisonment cause of action.

### 9. Vicarious Liability for the City of Vallejo

Defendants incorrectly argue that to maintain the City of Vallejo as a named defendant Plaintiffs must prove a Monell claim.  See Mot. at 13.  In California, public employees are subject to common law claims, see Cal. Gov't Code § 820(a), and

15

public entities are statutorily liable for the unlawful acts and omissions of its employees, id. § 815.2(a).  As it stands, the FAC does not contain a Monell cause of action, nor does it make any factual allegations regarding any existing city policy or custom.  Thus, the City of Vallejo remains a named Defendant as a result of the common law and Bane Act claims, not under Monell.

        10. Leave to Amend

    A court granting a motion to dismiss a claim must decide whether to grant leave to amend.  Leave to amend should be given where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).

    Here, the Court finds that subsequent amendments would prove futile because the asserted claims are not supported by existing precedents or caselaw and Plaintiffs have not pled additional facts that would make the dismissed claims viable.  Plaintiffs have already amended their complaint once and the FAC did not substantially revise the relevant facts.  Because Plaintiffs are not able to cure the defects in their FAC by

adding more specificity, the Court declines to grant Plaintiffs further leave to amend. Thus, the Fourth Amendment unlawful seizure claim, Fourth Amendment denial of medical care claim, assault and battery claims for J.C., NIED claim, negligence claim for J.C., and false imprisonment claims are dismissed with prejudice.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss as to the Fourth Amendment unlawful seizure claim (First Cause of Action), Fourth Amendment denial of medical care claim (Fourth Cause of Action), assault/battery claims for J.C. (Sixth Cause of Action), negligence claim for J.C. (Eighth Cause of Action), negligent infliction of emotional distress claim (Ninth Cause of Action), and the false imprisonment claim (Tenth Cause of Action) with prejudice. The Court DENIES Defendants' motion to dismiss as to the First Amendment retaliation claim (Third Cause of Action), Bane Act claim (Fifth Cause of Action), assault/battery claims for M.G. (Sixth Cause of Action), intentional infliction of emotional distress claims (Seventh Cause of Action), and negligence claim for M.G. (Eighth Cause of Action).

In sum, Plaintiff M.G. has the following remaining claims: Fourth Amendment excessive force (Second Cause of Action), First Amendment retaliation (Third Cause of Action) Bane Act (Fifth

Cause of Action), assault/battery (Sixth Cause of Action), intentional infliction of emotional distress (Seventh Cause of Action), and negligence (Eighth Cause of Action); and Plaintiff J.C. has the following remaining claim: intentional infliction of emotional distress (Seventh Cause of Action).

IT IS SO ORDERED.

Dated: April 16, 2025

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

18